HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WESTECH AEROSOL CORPORATION,

    Plaintiff,

v.

ITW POLYMERS SEALANTS NORTH AMERICA INC.,

    Defendant.

CASE NO. C17-5068-RBL

ORDER DENYING MOTION FOR RECONSIDERATION

DKT. #30

THIS MATTER is before the Court on Defendant ITW's Motion for Reconsideration [Dkt. #30] on the Court's Order Denying Defendant's Motion to Dismiss [Dkt. #28]. Plaintiff Westech alleges ITW infringed its patent for a spray adhesive stored in a canister and applied with a spray gun. ITW sought dismissal, arguing Westech had not pled sufficient-enough facts to withstand *Aschcroft v. Iqbal*, 556 U.S. 662, 677, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007). It made summary-judgment type arguments to dispute the veracity of Westech's claims. This Court concluded Westech had sufficiently put ITW on notice of the claims against it and if ITW wants the Court to decide whether ITW's product infringes Westech's, it should move for summary judgment with supporting evidence. This Court denied ITW's request for dismissal.

1   ITW asks the Court to reconsider its decision because Westech allegedly knows ITW's
2  product does not infringe its product. ITW provided copies of its correspondence with Westech
3  to demonstrate Westech's familiarity with ITW's product's chemical composition, and to support
4  its argument that Westech avoided pleading such specificity in its complaint to escape having its
5  theory of infringement tested at the motion-to-dismiss stage. ITW contends Westech had to plead
6  these facts.

7   ITW misconstrues the question before the Court on a motion to dismiss. The Court
8  considers whether the plaintiff has presented a cognizable legal theory supported by factual
9  allegations that raise the plaintiff's right to relief against the defendant above a speculative level.
10 *See Iqbal*, 556 U.S. at 677; *see also Twombly*, 550 U.S. at 555. It does not evaluate the merits of
11 plaintiff's claims or question whether the plaintiff has pled everything it knows or not. ITW
12 presents a compelling argument that its product does not infringe Westech's, but it uses a vehicle
13 that leaves this argument outside of the Court's consideration.

14  Motions for reconsideration are disfavored. The Court will ordinarily deny such motions
15 absent a showing of new legal authority or facts that could not have been brought to its attention
16 earlier with reasonable diligence or a showing of manifest error in the prior ruling. *See* Local
17 Rule W.D. Wash. CR 7(h)(1). The term "manifest error" is "an error that is plain and
18 indisputable, and that amounts to a complete disregard of the controlling law or the credible
19 evidence in the record." Black's Law Dictionary 622 (9th ed. 2009).

20  ITW has not brought to the Court's attention new authority or facts that support a
21 conclusion Westech failed to meet its burden under *Iqbal* and *Twombly*. That ITW can make the
22 arguments it does, demonstrates it is on notice of Westech's claims against it. Nor has ITW
23 shown the Court committed manifest error in denying ITW's motion for dismissal. ITW's
24

1  Motion for Reconsideration [Dkt. #30] is therefore DENIED. ITW should present its arguments

2  and supporting evidence in a motion for summary judgment, where the Court can examine as a

3  matter of law whether ITW's product infringes Westech's.

4      IT IS SO ORDERED.

5      Dated this 20th day of July, 2017.

                                                       /s/ Ronald B. Leighton

                                                   Ronald B. Leighton
                                                   United States District Judge